[Cite as *Myers v. Bedway Land*, 2017-Ohio-1255.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

ROBERT B. MYERS, et al.,      )     CASE NO. 14 HA 0011
                            )
      PLAINTIFFS-APPELLEES,   )
                            )
VS.                          )     OPINION
                            )
BEDWAY LAND AND MINERALS  )
COMPANY, et al.,           )
                            )
      DEFENDANTS-APPELLANTS.  )

CHARACTER OF PROCEEDINGS:     Civil Appeal from the Court of Common Pleas of Harrison County, Ohio Case No. CVH2012-0120

JUDGMENT:     Reversed and Remanded.

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: March 29, 2017

[Cite as *Myers v. Bedway Land*, 2017-Ohio-1255.]
APPEARANCES:

| | |
|---|---|
| For Plaintiffs-Appellees: | Atty. James F. Mathews |
| | Atty. Robert J. Tscholl |
| | Baker, Dublikar, Beck, |
| | Wiley & Mathews |
| | 400 South Main Street |
| | North Canton, Ohio 44720 |
| | |
| For Defendants-Appellants: | Atty. Rupert Beetham |
| | 110 South Main St. |
| | P.O. Box 262 |
| | Cadiz, Ohio 43907 |
| | |
| | Atty. Clay K. Keller |
| | Atty. J. Alex Quay |
| | Jackson Kelly PLLC |
| | 17 South Main St., Suite 101B |
| | Akron, Ohio 44308 |
| | |
| | Atty. Michael Altvater |
| | Babst, Calland, Clements & Zomnir, P.C. |
| | One Cascade Plaza, Suite 1010 |
| | Akron, Ohio 44308 |

ROBB, P.J.

{¶1} Defendants-Appellants LuAnn Vandemark, Sam Beetham, Jr., Rupert Beetham, III, Larry Beetham, Mary Beetham Bauer, Peggy Faber, Robert Brownell, Phoebe Beetham Wright, Ren Leftwich, Peggy McKissen, Amy Boyd Loratta, Nancy Beetham Eddy, Jane McLaughlin Romansky, Carol Ann M. Rasmussen, Pamela Harvey-Rath, Ruth McLaughlin Deundey, Nancy Lee Alderdice, Nels Brownell, Charles Brownell, Steven M. Harvey, Betsy Beetham Richards, and Robert Slater appeal the decision of Harrison County Common Pleas Court granting summary judgment in favor of Plaintiffs-Appellees Robert B. Myers, Rhoda L. Myers, Jodee Myers, Bruce Myers, Sherrilyn Vantassel, Albert Wright, Jr. (trustee), Scott Myers, Janet Myers, Thomas F. Stanwick, Billie J. Stanwick, James Richardson, John P. Lamb, and Donna R. Lamb.

{¶2} Appellees are the surface owners and Appellants (McLaughlin Heirs) are the alleged mineral holders. Appellees attempted to have the mineral rights, which previously were severed, deemed abandoned and reunited with the surface estate. Appellees brought suit under the 1989 version of the Ohio Dormant Mineral Act (ODMA) to accomplish that goal. The trial court granted summary judgment for Appellees and found under the 1989 ODMA Appellants abandoned their mineral rights interests and those interests automatically vested with the surface owners, Appellees.

{¶3} For the reasons expressed below, the trial court's decision is reversed and remanded.

Statement of the Facts and Case

{¶4} Appellees are the surface owners of approximately 631.0384 acres in Shortcreek Township in Harrison County, Ohio. These land owners bought the surface at various times between 2004 and 2011. All the deeds contained oil, gas and coal reservations.

{¶5} The parties claiming to be the holders of the mineral interest rights underlying that property can be divided into three groups: 1) Appellants; 2) Bedway

Land, Chesapeake Exploration, and Eric Petroleum; and 3) Mark Thomas Beetham. This appeal deals solely with the mineral interest rights Appellants claim to own. Separate appeals, 14 HA 12 and 14 HA 13, have been filed concerning Mark Thomas Beetham and Bedway Land, Chesapeake Exploration, and Eric Petroleum's claimed mineral interest rights.

{¶6} Appellants assert they acquired their interest in the minerals through intestate succession from Belle McLaughlin, Samuel K. McLaughlin, and Hannah Lucretia McLaughlin Beetham. Their mineral interests are claimed to have been derived from three different deeds executed in 1921.

{¶7} In an attempt to have the minerals interests deemed abandoned, Appellees Robert and Rhoda Myers notified the heirs of Samuel McLaughlin and Belle McLaughlin by publication on April 2, 2011; Appellee Albert Wright notified the heirs by publication on May 14, 2011. Attachments to Defendants McLaughlin Heirs' Response to Plaintiff's Requests for Production of Documents. Defendant Lucretia Vandemark filed an "Affidavit Preserving Minerals" with the Harrison County Recorder's Office on May 4, 2011. Exhibit I to Third Amended Complaint. The affidavit asserted it was preserving Appellants' mineral interests. Appellees Robert and Rhoda Myers filed an affidavit of abandonment with the Harrison County Auditors Office on May 27, 2011; Appellee Wright filed his affidavit on June 3, 2011. Attachments to Defendants McLaughlin Heirs' Response to Plaintiff's Requests for Production of Documents.

{¶8} Following the publication and filing of affidavits, Appellees filed a Declaratory Judgment and Quiet Title complaint against Appellants, Thomas Mark Beetham, Bedway Land, Chesapeake Exploration, and Eric Petroleum. 12/17/12 Complaint; 5/16/13 First Amended Complaint; 1/3/14 Second Amended Complaint; 1/17/14 Third Amended Complaint. Appellees sought to have the trial court declare Appellants Thomas Mark Beetham and Bedway Lands' mineral interests in Appellees' property abandoned and declare those interests reunited with the surface. The complaint sought relief under the 1989 version of the ODMA, not under the 2006 version of the Act.

**{¶9}** Appellants filed answers to the complaints. 8/7/13 Appellants' Answer to First Amended Complaint; 2/10/14 Appellants' Answer to Third Amended Complaint.

**{¶10}** The parties then filed their respective summary judgment motions and responses to summary judgment motions. Appellants' Motion for Summary Judgment; 3/12/14 Appellees' Motion for Summary Judgment; 3/26/14 Appellants' Response to Appellees' Motion for Summary Judgment; 3/26/14 Appellees' Opposition to Defendants' Summary Judgment Motions; 4/2/14 Appellants' Reply; 4/2/14 Appellees' Reply. The parties argued their respective positions under application of the 1989 ODMA. Appellants also argued that under the 2006 ODMA the affidavit filed was a claim to preserve and therefore preserved their interests under the 2006 ODMA. 3/12/14 Appellants' Motion for Summary Judgment. In response to that argument, Appellees conceded their claim was premised on the 1989 ODMA. 4/2/14 Appellee's Reply. They did not argue the affidavit failed to constitute claims to preserve or was otherwise inadequate under the 2006 version of the ODMA. 3/26/14 Appellee's Memorandum in Opposition to Defendants' Motions for Summary Judgment. In fact, Appellees asserted they were not required to comply with the 2006 ODMA. 3/26/14 Appellee's Memorandum in Opposition to Defendants' Motions for Summary Judgment; 4/2/14 Appellee's Reply.

**{¶11}** Upon review of the motions, the trial court granted summary judgment for Appellees. 4/30/14 J.E. The trial court, solely applying the 1989 version of the ODMA, found there was abandonment; there were no savings events between March 22, 1992 and March 22, 1969, and thus, the mineral rights vested in the surface owners. 4/30/14 J.E.

**{¶12}** Appellants timely appealed the decision.

First and Second Assignments of Error

"The 1989 Ohio Dormant Mineral Act does not apply to a quiet title action filed in December of 2012."

"The 1989 Ohio Dormant Mineral Act is not self-executing."

**{¶13}** These assignments of error address the trial court's decision to apply the 1989 version of the ODMA to claims filed after the effective date of the 2006 ODMA. As such, these assignments are addressed simultaneously.

**{¶14}** Recently, the Ohio Supreme Court in *Corban* explained the application of the 1989 version of the ODMA and the application of the 2006 version of the ODMA:

> The 1989 Dormant Mineral Act was not self-executing and did not automatically transfer ownership of dormant mineral rights by operation of law; rather, the surface holder was required to bring a quiet title action seeking a decree that the mineral rights had been abandoned in order to merge those rights into the surface estate.

> The 2006 amendment to the Dormant Mineral Act applies to claims asserted after its effective date and specifies the procedure that a surface holder is required to follow in order to have dormant mineral rights deemed abandoned and merged with the surface estate.

*Corban v. Chesapeake Expl., L.L.C.*, __ Ohio St.3d __, 2016-Ohio-5796, __ N.E.3d __, ¶ 40-41. *See also Walker v. Shondrick-Nau*, __ Ohio St.3d __, 2016-Ohio-5793, __ N.E.3d __, ¶ 16.

**{¶15}** Application of *Corban* to the case before us renders the trial court's grant of summary judgment for Appellees incorrect.

**{¶16}** As explained above, the trial court solely relied on the 1989 version of the ODMA to find the mineral rights were abandoned. However, the 1989 version was not self-executing and is inapplicable to claims asserted after the 2006 ODMA's effective date. *Corban*. The claims in this case were asserted in 2012, long after the effective date of the 2006 ODMA. Accordingly, in order to have the mineral rights deemed abandoned and reunited with the surface, Appellees were required to follow the procedures set forth in the 2006 ODMA.

**{¶17}** The 2006 ODMA requires notice of abandonment to be provided to mineral holders and a filing of an affidavit of abandonment in the office of the county

recorder. R.C. 5301.56(B) and (E); *Albanese v. Batman*, 148 Ohio St.3d 85, 2016-Ohio-5814, ¶ 21-22 (2016) (Surface owner's service of the notice and filing of the affidavit are required under the 2006 ODMA, R.C. 5301.56(B) and (E)). In *Albanese*, because the record was devoid of compliance with those provisions, the Supreme Court held the surface owners' proposition of law challenging the trial and appellate courts' interpretation of the 1989 ODMA was moot, and the severed mineral rights remained with the Batmans. *Id.*, ¶ 22. Here, Appellees did cause notices of intent to declare abandonment to be published in the local newspaper in Harrison County and they also recorded an Affidavit of Abandonment in the Harrison County Recorder's Office. Appellant-Defendant Lucretia Vandemark, however, filed a preservation affidavit on behalf of Appellants approximately a month after the published notice. This complies with the R.C. 5301.56 (H) requirement that the affidavit be filed within 60 days of the notice.

**{¶18}** Therefore, pursuant to *Corban* and *Albanese*, as there is evidence in the record that Appellants preserved their rights under the 2006 ODMA, Appellants are entitled to have summary judgment granted in their favor.

**{¶19}** Accordingly, the trial court's grant of summary judgment for Appellees is reversed and the matter is remanded with instructions for the trial court to enter summary judgment for Appellants.

### Third and Fourth Assignments of Error

"Appellees Robert B. Myers and Albert W. Wright are estopped from proceeding pursuant to the 1989 Ohio Dormant Minerals [sic] Act."

"The trial court erred when it ordered cancellation of the reservations by the McLaughlins and the affidavits preserving minerals without sufficient legal descriptions and ordering legal descriptions in a journal entry to be provided to the court after the entry of a final appealable order."

**{¶20}** Due to our resolution of the first two assignments of error, these assignments of error are moot.

### Conclusion

**{¶21}** The first and second assignments of error have merit. The third and fourth assignments of error are moot. The trial court's grant of summary judgment is reversed, and the matter is remanded with instructions for the trial court to enter summary judgment for Appellants.


Donofrio, J., concurs.

DeGenaro, J., concurs.