# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
HARRISON COUNTY

ROBERT B. MYERS et al.,

Plaintiffs-Appellants,

v.

LUCRETIA VANDERMARK et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 HA 0007**

---

Civil Appeal from the
Court of Common Pleas of Harrison County, Ohio
Case No. CVH 2022-0057

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. James F. Mathews*, Baker Dublikar for Appellants and

*Atty. Steven R. R. Anderson*, Anderson Law Firm, *Atty. T. Owen Beetham,* Beetham Law Office for Appellees Lucretia Vandermark et al. and *Atty. Kevin Colosimo, Atty. Christopher W. Rogers,* Frost Brown Todd, LLP for Appellee Ascent Resources.

Dated:  August 20, 2024

**Robb, P.J.**

{¶1} Appellants, Robert B. Myers and Albert W. Wright, Jr., Trustee for the Revocable Trust of Albert W. Wright, Jr., appeal the judgment granting Appellees' motion to dismiss. The trial court held Appellants lacked standing to pursue their instant claims under Ohio's Marketable Title Act (MTA).

{¶2} Appellants raise three arguments on appeal. First, Appellants argue the prior declaratory judgment between the parties does not preclude the instant litigation because the prior suit only addressed the parties' rights under Ohio's Dormant Mineral Act (DMA). They contend the prior litigation ended with this court reversing the trial court's judgment in Appellants' favor, and as such, the prior action did not result in a judgment quieting title, but only a decision denying declaratory judgment under the DMA. Furthermore, Appellants contend an exception to res judicata exists for declaratory judgment actions.

{¶3} Second, Appellants assert the prior judgment assessing the parties' rights under the DMA does not affect or eliminate the application of Ohio's Marketable Title Act (MTA) since they are independent and alternative legal mechanisms, and the MTA operates automatically as a matter of law. And once an interest is extinguished via the MTA, it cannot be revived. Appellants claim the DMA judgment cannot revive the McClaughlin reservation because it had already been extinguished under the MTA.

{¶4} Appellants' final assignment of error contends the trial court erred by addressing the affirmative defense of res judicata via Appellees' motion to dismiss.

{¶5} For the following reasons, we reverse and remand.

<u>Statement of the Case</u>

{¶6} Appellants are surface owners of real property located in Harrison County. Appellants filed a complaint seeking declaratory judgment in October of 2022 against 24 individuals and five John Doe defendants under Ohio's Marketable Title Act. Appellees/Defendants are the alleged owners of the mineral rights underlying the property collectively referred to as the McLaughlin heirs. The mineral rights were severed via a March 7, 1921 warranty deed, referred to as the McLaughlin Reservation. (October 28, 2022 Complaint.)

**{¶7}** Appellants claim that a November 19, 1953 warranty deed constitutes their root of title. Appellants also assert that in the 40 years after the 1953 warranty deed was filed, there is no mention of the McLaughlin Reservation in any record title transactions. Thus, they claim the McLaughlin Reservation was extinguished by operation of law on November 18, 1993 as a result of the 40-year uninterrupted period. (October 28, 2022 Complaint.)

**{¶8}** Paragraph 39 of Appellants' complaint avers a prior declaratory judgment action was filed between the plaintiffs and defendants; however, Appellants contend the prior declaratory judgment action only addressed abandonment under the DMA. Appellants allege in their complaint that res judicata does not apply and preclude this 2022 lawsuit. Instead, Appellants contend the prior litigation did not determine the parties' rights under the MTA and the Ohio Supreme Court has since held that the DMA and MTA are independent and alternative mechanisms. *West v. Bode*, 2020-Ohio-5473. (October 28, 2022 Complaint.)

**{¶9}** Appellants' demand for judgment seeks declaratory judgment under the MTA. The 2022 complaint does not expressly state they are seeking to quiet title to the mineral rights underlying the property. Yet as relief, they ask the court to declare they are the owners of the oil and gas rights underlying their properties. Appellants attached several deeds as exhibits. They did not attach any pleadings or judgments from the prior proceedings. (October 28, 2022 Complaint.)

**{¶10}** On March 17, 2023, Appellees moved to dismiss Appellants' complaint. They alleged Appellants failed to name as defendants certain indispensable parties to the lawsuit. In response, Appellants moved to join Ascent Resources-Utica, LLC as a defendant. (April 3, 2023 Response.) Appellants subsequently filed an amended complaint naming Ascent as an additional defendant. The third amended complaint also sought judgment quieting title. (May 25, 2023 Amended Complaint.)

**{¶11}** Appellees filed a second motion to dismiss on July 20, 2023. They alleged Appellants failed to state a claim for which relief could be granted because title to the properties' mineral rights were already quieted in Appellees' favor. In support, Appellees attached a copy of a third-amended complaint for declaratory judgment and to quiet title from a prior proceeding captioned *Robert B. Myers, et al. v. Lucretia Vandemark, et al.*,

Harrison County Court of Common Pleas number CVH-2012-0120. It is date-stamped January 17, 2014. (July 20, 2023 Motion to Dismiss.)

{¶12} The trial court held an oral hearing on the motion to the dismiss, but there is no transcript of the hearing in the record. (August 21, 2023 Judgment.) The trial court subsequently granted Appellees' motion to dismiss for failure to state a claim and found Appellants lacked standing. The trial court concluded in part, "the title [to the mineral rights] has been quieted by the 7th District Court of Appeals and this court. The new attack on Defendants' property interest is without standing and lacks merit." (November 14, 2023 Judgment.)

Assignments of Error

{¶13} Appellants' first of three assignments of error asserts:

"The trial court erred in granting a motion to dismiss Appellants' claims of extinguishment under the Marketable Title Act, inasmuch as a prior determination in a declaratory judgment action rejecting claims of abandonment under the independent mechanism of the Dormant Mineral Act, was not a [sic] bar."

{¶14} Appellants' second assigned error contends:

"The trial court erred in granting a motion to dismiss Appellants' claims under the Marketable Title Act, since a prior determination in a declaratory judgment action rejecting claims of abandonment under the independent mechanism of the Dormant Mineral Act, could not revive an already extinguished interest."

{¶15} Appellants' third assignment of error asserts:

"The trial court erred in granting a motion to dismiss on the grounds of the affirmative defense of res judicata."

Motion to Dismiss, Standing & Claim Preclusion

{¶16} We address Appellants' third assignment of error first. It contends the court erred by granting the motion under the guise of standing when the court essentially applied res judicata. They assert res judicata is not properly raised by a Civ.R. 12(B)(6) motion. And because res judicata should be raised via summary judgment, Appellants claim the trial court erred by dismissing the complaint on this basis. Appellees counter that Appellants are mischaracterizing the trial court's judgment.

{¶17} For the following reasons, this assignment has merit.

Case No. 23 HA 0007

**{¶18}** To dismiss a complaint for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiffs can prove no fact pattern warranting relief after all factual allegations of the complaint are presumed true, and all reasonable inferences are construed in plaintiffs' favor. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994).

**{¶19}** A 12(B)(6) motion must be judged on the face of the complaint, and a court must limit its consideration to the four corners of the complaint. *Kirk Excavating & Construction, Inc. v. RKJ Enterprises, LLC*, 2018-Ohio-3735, ¶ 11 (7th Dist.). Courts cannot rely on evidence attached to a party's motion. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581 (1996).

**{¶20}** However, attachments to the complaint are to be considered part of the complaint. *Id.; accord State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, fn. 1 (1997) (various articles and public health studies attached to the complaint were considered in the Rule 12 motion); *State ex. rel. GMS Mgt. Co., Inc. v. Vivo*, 2010-Ohio-4184, ¶ 14 (7th Dist.) (written correspondence attached to the complaint considered for the purposes of motion to dismiss). When a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion. *Adlaka v. Giannini*, 2006-Ohio-4611, ¶ 34 (7th Dist.) ("If the plaintiff decides to attach documents to his complaint, which he claims establish his case, such documents can be used to his detriment to dismiss the case if they along with the complaint itself establish a failure to state a claim.")

**{¶21}** We review motions to dismiss under Civ.R. 12(B)(6) de novo. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5.

**{¶22}** Appellees argue in their July 20, 2023 motion to dismiss that Appellants lacked standing to pursue the MTA claim and arguments since the 2012 action quieted title in Appellees' favor. Thus, they urged the court to conclude that a new legal theory does not give Appellants standing since they are "strangers to title." (July 20, 2023 Motion.)

**{¶23}** The trial court judgment states it is dismissing on the basis of standing. However, its analysis implicates the doctrine of res judicata. It states in part:

Here, the title as to Plaintiffs has been quieted by the 7th District Court of Appeals and this court. This new attack on Defendants' property interest [via the October 2022 Complaint] is without standing and lacks merit. Plaintiffs want another bite of an apple whose core has already been determined rotten. The 2017 Judgment quieting title bars further judicial inquiry of any claims the Plaintiffs have now and presumably should have had in 2012 in the original suit. This litigation is exactly the type of useless litigation and multiplicity of lawsuits quiet title actions are designed to eliminate.

Wherefore, this Court dismisses Plaintiffs' claim pursuant to [Civ.R.] 12(B)(6) * * * as Plaintiffs lack standing and their claims are forever barred by the 2017 decision.

(November 14, 2023 Judgment.)

{¶24} As stated, Appellants reference res judicata in their complaint in an effort to explain why the prior litigation does not preclude the current lawsuit. However, Appellants did not attach the pleadings from the prior case or the final judgment such that the trial court could determine what was actually decided. Moreover, there is no 2017 trial court judgment quieting title attached to Appellants' complaint or in this record, despite the trial court's reference to one.

{¶25} Res judicata and standing are not interchangeable. *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 26. Res judicata raises a merit question whereas standing addresses justiciability. *Id.* Justiciability is "[t]he quality, state, or condition of being appropriate or suitable for adjudication by a court." JUSTICIABILITY, *Black's Law Dictionary* (11th Ed. 2019).

{¶26} The focus of standing is on the nature and source of the claim, not the merits. "Standing does not depend on the merits of the plaintiff's claim that the conduct is illegal or unconstitutional, but 'whether the plaintiffs have alleged such a personal stake in the outcome of the controversy that they are entitled to have a court hear their case.'" *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 24 (10th Dist.), quoting *ProgressOhio.Org, Inc. v. JobsOhio*, 2014-Ohio-2382, ¶ 7. A "determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a personal stake in

the outcome of the action in order to establish standing." *Hoover Kacyon, LLC v. Martell*, 2018-Ohio-4928, ¶ 35 (5th Dist.), citing *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 23.

**{¶27}** Appellants contend that pursuant to the MTA, they, as surface owners, became the record owners of the mineral rights underlying their respective properties by operation of law. There is no dispute Appellants are the surface owners. Consequently, they filed suit and asked the trial court to issue a declaratory judgment to determine their rights under the MTA. Thus, we conclude Appellants claim a sufficient personal stake in the outcome, i.e., an interest in the property and ownership of the mineral rights. Accordingly, the allegations in their complaint are sufficient to show standing. *Cool v. Frenchko*, *supra*, at ¶ 28 (finding Cool failed to allege the applicable statutes affected him as an individual). To the extent the trial court held Appellants lacked standing, we disagree.

**{¶28}** We agree that the trial court dismissed for standing while in actuality it addressed the merits via res judicata. The court's judgment emphasizes that Appellants already had one "bite of the apple" and the prior 2017 judgment quieting title in Appellees' favor bars subsequent challenges.

> "Under the doctrine of res judicata, a final judgment or decree upon the merits is deemed to be conclusive of the issues addressed in that case and bars a subsequent action between the parties to the previous suit, or those in privity with them, based on the same cause of action. *Columbus v. Union Cemetery Assoc.* (1976), 45 Ohio St.2d 47, 50, 341 N.E.2d 298. Res judicata applies to issues actually presented in the original action and to issues that could have been presented for adjudication. *McGinnis v. Donatelli* (1987), 36 Ohio App.3d 120, 121, 521 N.E.2d 513. The doctrine of res judicata is applied to prevent repeat attacks upon a final judgment. *Stromberg v. Bd. of Edn. of Bratenahl* (1980), 64 Ohio St.2d 98, 100, 413 N.E.2d 1184."

*Indian Creek Local School Dist. Bd. of Educ. v. Indian Creek Education Ass'n*, 1996 Ohio App. LEXIS 464 (7th Dist.).

**{¶29}** Res judicata is an affirmative defense to be raised via summary judgment, not a Civ.R. 12(B)(6) motion to dismiss since resolution of a res judicata defense typically requires resorting to materials outside the pleadings. *State ex rel. W. v. McDonnell*, 2014-Ohio-1562, ¶ 16.

**{¶30}** An attempt to analyze the lower court's apparent res judicata determination, decided via Civ.R. 12(B)(6), demonstrates why this is an issue reserved for summary judgment. Appellees' 12(B)(6) motion and the trial court's judgment entry of dismissal rely on information not contained in the complaint. Both rely on the prior litigation in a different Harrison County Court of Common Pleas case as the reason for Appellants' lack of standing and for its conclusion that these prior proceedings preclude the instant case.

**{¶31}** The trial court's decision references the prior trial court as "quieting title" in favor of Appellees in 2017. Yet, the prior trial court's judgment is not in the record, and a review of the Harrison County online public docket shows the filings and judgment entries in Harrison County Court of Common Pleas case number CVH 2012-0120 are not available online if we were permitted to consider them. https://www.harrison countyohio.org/clerk-of-courts (accessed May 1, 2024).

**{¶32}** Although it is undisputed there was prior litigation concerning these rights between the same parties, it is not evident on this record what was decided. To the extent this court addressed the prior case on appeal, we referenced that the surface owners filed a complaint for declaratory judgment and to quiet title. We also noted the McLaughlin Heirs, as alleged mineral holders, filed an answer. We make no mention of a counterclaim to quiet title. *Myers v. Bedway Land & Minerals Co.*, 2017-Ohio-1255, ¶ 8-9 (7th Dist.). The trial court granted judgment in favor of the surface owners, finding there was abandonment. *Id.* at ¶ 11. However, we reversed and concluded that because the McLaughlin Heirs preserved their rights under the 2006 ODMA, they were entitled to summary judgment in their favor. *Id.* at ¶ 19-21. We did not direct the trial court to quiet title in favor of the McClaughlin Heirs on remand. *Id.*

**{¶33}** Because we do not have the pleadings or the judgment entry issued after remand in the prior proceedings, we cannot conclusively establish what was litigated or what that court decided. While it is apparent from our appellate decision that Appellants'

DMA claim failed on the merits, neither party has demonstrated whether title to the mineral rights or the McClaughlin reservation was quieted in favor of Appellees.

**{¶34}** Furthermore, Appellants contend in their first assignment of error that an exception to res judicata exists for declaratory judgments, which applies here.

> Unlike other judgments, . . . "a declaratory judgment determines only what it actually decides and does not preclude other claims that might have been advanced." *. . .* Consequently, "[f]or a previous declaratory judgment, res judicata precludes only claims that were *actually decided*."

(Emphasis sic.) *State ex rel. Coles v. Granville*, 2007-Ohio-6057, ¶ 37. Analysis of this issue requires an examination of the prior proceedings, including what was included in the pleadings and what the court actually decided. *Teays Valley Local School Dist. Bd. of Edn v. Struckman*, 2023-Ohio-244, ¶ 67 (4th Dist.) (analyzing prior claims asserted and court's decisions addressing claims raised in an appeal from summary judgment based on res judicata).

**{¶35}** Thus, to the extent the trial court concluded Appellants' claims were barred by res judicata, we decline to reach the merits of this issue. As an appellate court, our review is limited to the issues actually raised and litigated to the trial court. *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21 (reversing the Eighth Appellate District's decision addressing res judicata on the merits for the first time on appeal). Addressing res judicata now would be premature since the record is not sufficiently developed to provide a fair resolution of the issue. *Fullum v. Columbiana Cty. Coroner*, 2014-Ohio-5512, ¶ 45-46 (7th Dist.), citing *Tree of Life Church v. Agnew,* 2014-Ohio-878, ¶ 27-28 (7th Dist.) (declining to consider the merits of assignments of error for the first time on appeal).

**{¶36}** Upon taking the allegations in Appellants' complaint as true and construing all reasonable inferences drawn from those allegations in favor of Appellants, it does not appear beyond a reasonable doubt that they can prove no set of facts entitling them to the relief requested. Civ.R. 12(B)(6); *Reister v. Gardner*, 2020-Ohio-5484, ¶ 17. Given the liberal pleading standard that applies when addressing a motion to dismiss, the trial court erred by dismissing Appellants' complaint.

**{¶37}** Thus, Appellants' third assignment of error has merit, and we reverse and remand. Moreover, we decline to address Appellants' first and second assignments of

error because each requires us to reach substantive decisions on issues which were not fully briefed to the trial court and not expressly decided.

**{¶38}** Since we are reversing and remanding on Appellants' third assignment of error, our review of the court's ostensible res judicata determination is also premature. *State ex rel. Dunn v. Plain Local School Dist. Bd. of Edn*, 2020-Ohio-40 (A claim is not justiciable if it rests on contingent events that may not occur.)

<u>Conclusion</u>

**{¶39}** Based on the foregoing, Appellants' third assignment of error has merit. We decline to address Appellants' first and second assignments of error. The trial court's decision is reversed.

Waite, J., concurs.

Dickey, J., concurs.

<u>Case No. 23 HA 0007</u>

---

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that Appellants' third assignment of error has merit; and we decline to address Appellants' first and second assignments of error. The judgment of the Court of Common Pleas of Harrison County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed equally to both Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**