[Cite as *State ex rel. Wright v. Ohio Parole Bd.*, 2025-Ohio-3043.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Delanio L. Wright, | : | |
| Relator, | : | No. 25AP-162 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Parole Board, | : | |
| Respondent. | : | |

---

D E C I S I O N

Rendered on August 26, 2025

---

**On brief:** *Delanio L. Wright,* pro se.

**On brief:** *Dave Yost,* Attorney General, *Andrew Gatti,* and *Jennifer A. Driscoll,* for respondent.

---

IN MANDAMUS

MENTEL, J.

{¶ 1} Relator, Delanio L. Wright, brings this original action seeking a writ of mandamus/prohibition ordering the respondent, Ohio Parole Board, to stop its actions now and in the future because it has allegedly exceeded its jurisdiction. On March 7, 2025, the respondent filed a motion to dismiss or, in the alternative, motion for summary judgment.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On May 29, 2025, the magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant the respondent's motion to dismiss Wright's original action seeking a writ of mandamus/prohibition. The magistrate concluded that Wright failed to comply with R.C. 2969.25(C)(1). Specifically, Wright failed to include a statement that sets forth the required

inmate account balance for each of the preceding six months, as certified by the institutional cashier.

{¶ 3}   Wright did not file objections in this case.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."  Civ.R. 53(D)(4)(c).  Our review of the magistrate's decision reveals no error of law or other facial defect that would preclude adopting it. *See, e.g., State ex rel. Wyse v. Ohio Pub. Emp. Retirement Sys.,* 2024-Ohio-314, ¶ 2 (10th Dist.).  Accordingly, we adopt the magistrate's decision as our own, including findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, we grant the respondent's motion to dismiss.

*Motion to dismiss granted*;
*action dismissed.*

DORRIAN and BEATTY BLUNT, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Delanio L. Wright, | : | |
| Relator, | : | |
| v. | : | No. 25AP-162 |
| Ohio Parole Board, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on May 29, 2025

*Delanio L. Wright*, pro se.

*Dave Yost*, Attorney General, *Andrew Gatti*, and *Jennifer A. Driscoll,* for respondent.

IN MANDAMUS/PROHIBITION
ON RESPONDENT'S MOTION TO DISMISS

{¶ 4}   Relator, Delanio L. Wright, has commenced this original action seeking a writ of mandamus/prohibition ordering respondent, Ohio Parole Board, to stop respondent's actions now and in the future because respondent exceeded its jurisdiction. Respondent has filed a motion to dismiss.

Findings of Fact:

{¶ 5}   1. Relator is an inmate incarcerated at Marion Correctional Institution.

{¶ 6}   2. Respondent is the Ohio Parole Board.

{¶ 7}   3. On February 4, 2025, relator filed the instant mandamus/prohibition action.

{¶ 8}   4. In his petition, relator alleges, generally, that respondent exceeded its jurisdiction and lacked jurisdiction over the parole decisions entered in November 2016, September 2019, July 2022, and January 2023.

{¶ 9}   5. Relator included with his petition an affidavit of indigency, to which he attached an inmate demand statement. The statement provides, among other things, transaction dates, transaction amounts, and a running savings balance, beginning June 25, 2024, and ending December 16, 2024.

{¶ 10} 6. On March 7, 2025, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6) or, in the alternative, motion for summary judgment pursuant to Civ.R. 56(C). In the motion, respondent raises five grounds for dismissal of relator's petition: (1) relator had an adequate remedy at law; (2) relator failed to comply with the requirements of R.C. 2969.25; (3) relator's action is barred by the doctrine of res judicata; (4) relator's petition is time barred under the applicable statute of limitation; and (5) double jeopardy does not apply to sanctions imposed by parole violations.

{¶ 11} 7. On March 7, 2025, relator filed a motion for declaratory judgment.

{¶ 12} 8. On April 24, 2025, relator filed a response to respondent's motion to dismiss or, in the alternative, motion for summary judgment.

{¶ 13} 9. On April 29, 2025, respondent filed a reply in support of its motion to dismiss or, in the alternative, motion for summary judgment.

Conclusions of Law:

{¶ 14} The magistrate recommends that this court grant respondent's motion to dismiss relator's petition.

> R.C. 2969.25 provides:
>
> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing

fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier.

R.C. 2969.25.

{¶ 15} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 2002-Ohio-1621 (10th Dist.). Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 9.

{¶ 16} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250, (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 17} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are

attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.); *see also Myers v. Vandermark*, 2024-Ohio-3205, ¶ 20 (7th Dist.) (finding that when a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion).

{¶ 18} In the present case, respondent raises five arguments in support of dismissal of relator's petition. Because the resolution of respondent's second argument that relator failed to comply with the requirements of R.C. 2969.25 necessitates dismissal of the petition, the magistrate addresses it first. Respondent contends that relator has failed to comply with the requirements of R.C. 2969.25(C), in that relator did not attach the required inmate account balance for the preceding six months, as certified by the institutional cashier. Relator did attach to his affidavit of indigency an inmate demand statement. However, the inmate demand statement suffers from two fatal deficiencies. First, the statement is not certified by the institutional cashier, as required by R.C. 2969.25(C)(1). Second, the statement provides, among other things, transaction dates, transaction amounts, and a running savings balance, beginning June 25, 2024, and ending December 16, 2024. Relator filed his petition on February 4, 2025. "Preceding" six-month period under R.C. 2969.25 means the period ending on the same numerical day in the concluding month as the day of the month the petition was filed; R.C. 2969.25 does not require the statement to cover the last full calendar month. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-338, ¶ 7 (10th Dist.). Thus, in this case, relator's statement was required to at least cover the period of July 4, 2024, to January 4, 2025. However, relator's statement does not cover these dates. The statement begins on June 25, 2024, but ends on December 16, 2024. Therefore, relator's statement is missing financial information for the second half of December 2024 and the first four days of January 2025. Because relator's affidavit of indigency does not contain a certified statement that sets forth the balance in his inmate account for each of the preceding six months, relator has failed to comply with the requirements in R.C. 2969.25(C), and his petition must be dismissed. Given this determination, the magistrate need not address respondent's remaining arguments in support of dismissal.

{¶ 19} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of mandamus/prohibition. Given this disposition, relator's March 7, 2025, motion for declaratory judgment is denied.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.