[Cite as *Villavicencio v. Mingo*, 2026-Ohio-1665.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jose Villavicencio, | : | |
| Relator, | : | No. 25AP-891 |
| v. | : | (REGULAR CALENDAR) |
| The Honorable Stephanie Mingo, Judge, | : | |
| Respondent. | : | |

---

D E C I S I O N

Rendered on May 7, 2026

---

**On brief:** *Jose Villavicencio*, pro se.

**On brief:** *Zach Klein*, City Attorney, and *Aaron D. Epstein*, for respondent.

---

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

DINGUS, J.

{¶ 1} Relator, Jose Villavicencio, filed a complaint in the instant mandamus action on November 6, 2025. Respondent, The Honorable Stephanie Mingo, Judge, Franklin County Municipal Court, filed a motion to dismiss Villavicencio's complaint under Civ.R. 12(B)(6). Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. On review, the magistrate recommended we grant the motion to dismiss because the action is improperly captioned, and because it fails to show the existence of a clear legal right or clear legal duty.

{¶ 2} Villavicencio has not filed any objection to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it

determines that there is an error of law or other defect evident on the face of the magistrate's decision."  Civ.R. 53(D)(4)(c).  *See also e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 2004-Ohio-4223, ¶ 32-33, (10th Dist.) (adopting the magistrate's decision where no objections were filed).

{¶ 3}  We find no error of law or other defect on the face of the magistrate's decision.  We therefore adopt the magistrate's decision as our own, including its findings of fact and conclusions of law.  In accordance with the magistrate's recommendation, we grant Judge Mingo's motion to dismiss, and dismiss Villavicencio's petition for a writ of mandamus.

*Motion granted*;
*action dismissed.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jose Villavicencio, | : | |
| Relator, | : | |
| v. | : | No.  25AP-891 |
| The Honorable Stephanie Mingo, Judge, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 26, 2026

*Jose Villavicencio*, pro se.

*Zach Klein*, Prosecuting Attorney, and *Aaron D. Epstein*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 4} Relator, Jose Villavicencio, has commenced this original action seeking a writ of mandamus ordering respondent, The Honorable Stephanie Mingo, Judge, Franklin County Environmental Court, to issue a decision on relator's motion for determination of penalties in Franklin County Environmental Court case No. 16EVH-60013 ("case No. 16EVH-60013"). Respondent has filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Findings of Fact:

{¶ 5} 1. Relator is the defendant in case No. 16EVH-60013.

{¶ 6}   2. Respondent is the presiding judge in case No. 16EVH-60013.

{¶ 7}   3. In case No. 16EVH-60013, on July 21, 2025, relator filed a motion to oppose receiver's request for additional borrowing, motion to ask receiver to post a bond, and motion for judicial ruling on penalties. Respondent has not issued a decision on such motion.

{¶ 8}   4. On November 6, 2025, relator filed the present petition for writ of mandamus. The case style in the petition indicated "Jose Villavicencio" as relator.

{¶ 9}   5. On December 2, 2025, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Relator has not filed any response to respondent's motion to dismiss.

Conclusions of Law:

{¶ 10}  The magistrate recommends that this court grant respondent's motion to dismiss this action.

{¶ 11}  In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 12}  A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted . . . and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250, (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 13}  A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C).

Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.); *see also Myers v. Vandermark*, 2024-Ohio-3205, ¶ 20 (7th Dist.) (finding that when a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion).

{¶ 14} In the present case, respondent raises the following grounds for dismissal: (1) the petition is procedurally defective because it has not been made in the name of the state on the relation of the person applying, as required by R.C. 2731.04; and (2) relator cannot show the existence of a clear legal right or clear legal duty.

{¶ 15} Respondent first argues that the petition is procedurally defective because it has not been made in the name of the state on the relation of relator, as required by R.C. 2731.04. That statute provides that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." R.C. 2731.04. A petition for a writ of mandamus may be dismissed for failure to bring the action in the name of the state. *Shoop v. State*, 2015-Ohio-2068, ¶ 10, citing *Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 34. Here, the case caption indicates that relator as "Jose Villavicencio." The case caption does not include "State ex rel." or any other designation to indicate that the petition was made in the name of the state on the relation of relator. Thus, the petition is defective and subject to dismissal on this ground.

{¶ 16} Respondent also argues that relator cannot show the existence of a clear legal right or clear legal duty. Respondent asserts that although relator cites Civ.R. 15.01 as requiring respondent to decide motions within 30 days of filing, there is no such requirement. The magistrate agrees that there exists no Civ.R. 15.01. The Franklin County Municipal Court Local Rules does contain a Rule 15.01, but the requirement claimed by relator is not included in the rule. Instead, Sup.R. 40(A)(3) provides that "[a]ll motions shall be ruled upon within one hundred twenty days from the date the motion was filed, except as otherwise noted on the report forms." One hundred and twenty days from July 21, 2025, is November 18, 2025. Relator filed his petition on November 6, 2025. Therefore, at the time relator filed his petition, 120 days had not elapsed since he filed his

motion. Regardless, "[T]he Rules of Superintendence are general guidelines for courts' conduct that do not create substantive rights in individuals or procedural law." *In re C.H.*, 2015-Ohio-2109, ¶ 51 (7th Dist.). Regarding Sup.R. 40(A)(3) specifically, the Supreme Court of Ohio has held the rule does not give rise to an enforceable right in mandamus or procedendo. *State ex rel. Culgan v. Collier*, 2013-Ohio-1762, ¶ 8. For these reasons, relator's petition must be dismissed.

{¶ 17} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.