[Cite as *State ex rel. Mitchell v. Ohio Parole Bd.*, 2025-Ohio-4763.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James E. Mitchell, | : | |
| Relator, | : | No. 24AP-708 |
| v. | : | (REGULAR CALENDAR) |
| Ohio Parole Board, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on October 16, 2025

**On brief:** *James E. Mitchell,* pro se.

**On brief:** *Dave Yost,* Attorney General, and *John H. Bates,* for respondent.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION
GRANTING RESPONDENT'S MOTION TO DISMISS

MENTEL, J.

{¶ 1} Relator, James E. Mitchell, brings this original action seeking a writ of mandamus ordering the respondent, Ohio Parole Board, to produce various public records. On December 30, 2024, the respondent filed a motion to dismiss, pursuant to Civ.R. 12(1) and (6) arguing, in relevant part, that Mitchell failed to comply with the requirements of R.C. 2969.25(A) and (C).

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On May 28, 2025, the magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant the respondent's motion to dismiss. The magistrate first concluded that Mitchell complied with the requirements of R.C. 2969.25(A) as his notarized affidavit of

civil filings provided a list of civil actions filed in the previous five years. The magistrate explained that because the document attached to the affidavit, which Mitchell incorporated into the affidavit by reference, provided the details of these civil filings, including each case caption, case number, where it was filed, names of all parties, brief description of the action or appeal, brief description of the case outcome/result, whether the action was found to be frivolous, and whether relator was found to be a vexatious litigator, he complied with the requirements of R.C. 2969.25(A). However, the magistrate concluded that Mitchell did not comply with R.C. 2969.25(C) as he failed to set forth the required inmate account balance for "each of the preceding six months," as certified by the institutional cashier. Based on the November 26, 2024 filing, the magistrate explained that "[Mitchell's] statement was required to at least cover the period of April 26 to October 26, 2024." (Appended Mag's Decision at 12.) The magistrate declined to address the respondent's remaining arguments in support of dismissal.

{¶ 3} After a brief extension of time, Mitchell filed objections to the magistrate's decision on June 26, 2025. Mitchell contends that the magistrate erred by determining that his inmate account statement did not comply with R.C. 2969.25(C). On July 10, 2025, the respondent filed a memorandum in opposition to Mitchell's objections. A reply brief was filed on August 7, 2025.

{¶ 4} Pursuant to Civ.R. 53(D)(4)(d), we undertake an independent review of the objected matters "to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." We may adopt or reject a magistrate's decision in whole or in part, with or without modification.

{¶ 5} R.C. 2969.25(C) directs:

If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint . . . an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1.) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2.) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 6} This court has grappled with the "preceding six months" language in R.C. 2969.25 at length. *See State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-338 (10th Dist.). In *Swanson*, the relator filed a March 12, 2020 writ of mandamus requesting this court order the Ohio Department of Rehabilitation and Correction ("ODRC") to correct the expiration date of his sentence. *Swanson* at ¶ 1. The relator submitted a six-month inmate account statement, pursuant to R.C. 2969.25, certified through February 12, 2020. *Id.* at ¶ 5. The magistrate determined that the inmate account statement did not comply with R.C. 2969.25 as "[he] did not set forth the account balance for the month immediately preceding the filing of this mandamus compliant." *Id.* at ¶ 2. While no objection was filed, we concluded that the magistrate erred as the original cashier's certification and account statement attached to the March 12, 2020 complaint complied with R.C. 2969.25(C). *Id.* at ¶ 19. We first found that while the magistrate had interpreted "months" as "calendar months," "the statute does not say that." *Id.* at ¶ 7. We explained that the term "month" in R.C. 2969.25(C) was consistent with the computation of "months" in R.C. 1.45. "R.C. 2969.25 tells us to look to the six months 'preceding' the filing of the action (here, March 12, 2020)." *Id.* at ¶ 10. We concluded that the relator complied with R.C. 2969.25(C) as he provided an account statement that covered a six-month period that ended February 12, 2020. In addition to the statutory analysis, we found the magistrate's interpretation created significant non-statutory barriers to filing a civil action. We explained:

> The magistrate's interpretation and application is very difficult to comply with as it would require an inmate to wait until the very end of the month to request an inmate account statement, and even then, the inmate would have no control whatsoever over when the cashier will provide the certification and statement and what time period the cashier will cover. In addition, the magistrate's interpretation and application may require an inmate to obtain two overlapping statements in successive months from the cashier in order to comply. In some instances, the additional time required to comply could result in an inmate missing a statute of limitations or appeal deadline.
>
> Second, the consequences of the magistrate's interpretation and application results in a waste of judicial, magistrate, clerk's office, ODRC administrative, and party resources. An inmate who is able to refile (who does not miss

statute of limitations or appeal deadlines) must make another request of the ODRC cashier, the cashier must prepare another certification and statement, the inmate must refile the civil action or appeal, the clerk's office must process the refiling, the opposing party must again review the refiled civil action or appeal and respond, the court's magistrate must again consider the refiled civil action pleadings and motions and prepare a decision, the parties may again file objections to the magistrate's decision, and memorandum contra the objections, and a panel of this court must again review and determine whether to adopt, modify, or reject the magistrate's decision.

Finally, although an original action with no deadline for filing may be refiled, if we were to adopt the magistrate's interpretation and application of the term "month" as used in R.C. 2969.25(C), we would set a precedent for future cases where timeliness of the filing of a civil action or an appeal thereof is critical—and dismissal for lack of compliance with the cashier's certification and account statement requirement—could result in an inmate not being able to meet a deadline for statute of limitations or a deadline for the filing of appeals if he or she has to refile.

*Id.* at ¶ 21-23.

{¶ 7} In the case sub judice, Mitchell's account statement indicates it covers a date range of "05/18/2024 Through 11/19/2024." The institutional cashier certified the inmate account statement on November 18, 2024. Therefore, the inmate account statement at issue runs from May 18 to November 18, 2024.

{¶ 8} Mitchell's action was filed on November 26, 2024. Pursuant to *Swanson* and R.C. 1.45, to comply with R.C. 2969.25(C), the inmate account statement must cover "each of the preceding six months," including "the same numerical day in the concluding month as the day of the month from which the computation is begun." R.C. 2969.25(C); R.C. 1.45. Here, the same numerical day in the concluding month is October 26, 2024. The certified account statement provided by Mitchell covers May 18 to November 18, 2024, which is a six-month period that includes October 26, 2024. Accordingly, the certified inmate account statement complies with R.C. 2969.25(C). Because the magistrate's decision concludes otherwise, we sustain relator's objections to the magistrate's decision.

{¶ 9} Having sustained Mitchell's objections to the magistrate's decision, we reject the portion of the magistrate's decision that analyzes R.C. 2969.25(C) and adopt the remainder. This matter is remanded to the magistrate to address the remaining arguments in respondent's motion to dismiss.

*Objections sustained*;
*magistrate's decision rejected in part and adopted in part*;
*action remanded to magistrate.*

BEATTY BLUNT and DINGUS, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. James E. Mitchell,          :

        Relator,                          :

v.                                                            No.  24AP-708

                         :

Ohio Parole Board,                              (REGULAR CALENDAR)

                         :

        Respondent.                    :

                         :

MAGISTRATE'S DECISION

Rendered on May 28, 2025

*James E. Mitchell,* pro se.

*Dave Yost*, Attorney General, and *John H. Bates,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 10} Relator, James E. Mitchell, has commenced this original action seeking a writ of mandamus ordering respondent, Ohio Parole Board, to produce the public records he requested. Respondent has filed a motion to dismiss.

Findings of Fact:

    {¶ 11} 1. Relator is an inmate incarcerated at Marion Correctional Institution.

    {¶ 12} 2. Respondent is the Ohio Parole Board.

    {¶ 13} 3. On November 26, 2024, relator filed the instant mandamus action.

{¶ 14} 4. In his petition, relator alleges that on September 10, 2024, he sent, via certified mail, a public records request to respondent, requesting the following records: (1) all printed paper copies of emails and correspondence that are not exempt under R.C. 149.43 regarding case numbers 1993CR0294 (from July 1994 to July 2024), CR94061698 (from November 1994 to July 1994), and 1993CR0223 (from July 1997 to July 2024); and (2) printed paper copies and correspondence of any community oppositions submitted from June 2013 to December 2020 opposing relator's release on parole that are not exempt to disclosure according to law (e.g., victim statements, victim representative statements).

{¶ 15} 5. On October 24, 2024, respondent responded to relator's request by indicating the following: (1) the request for all printed paper copies of emails and correspondence with regard to the several cited cases within his files was overly broad and vague and could not be fulfilled, citing Adm.Code 5120:1-1-36; and (2) community input is not releasable per Adm.Code 5120:1-1-36(G) and (I).

{¶ 16} 6. Relator included with his petition for writ of mandamus an affidavit of civil filings, which included a list of civil actions he has filed in the previous five years, pursuant to R.C. 2969.25. He also incorporated a document that included the details of the civil filings, including for each the case caption, case number, where it was filed, names of all parties, brief description of the action or appeal, brief description of the case outcome/result, whether the action was found to be frivolous, and whether relator was found to be a vexatious litigator.

{¶ 17} 7. Relator also filed an affidavit of indigency with his petition, to which he attached an inmate demand statement certified by the financial associate supervisor for the institution's cashier's office. The statement provides, among other things, transaction dates, transaction amounts, and a running savings balance, beginning June 1, 2024, and ending November 16, 2024. The running savings balance provides the balance of the inmate account for June 1, July 1, August 1, September 1, October 1, and November 1, 2024, among other dates.

{¶ 18} 8. On December 30, 2024, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and (6), raising three grounds for dismissal of relator's petition: (1) relator failed to comply with the requirements of R.C. 2969.25; (2) relator has already received

the statutory entitlement he claims he is entitled to by receiving a legally valid public records response from respondent; and (3) community opposition, victim impact statements, and parole records are not subject to public records disclosure. Respondent also asserts that relator is not entitled to statutory damages based upon respondent's allegedly improper denial of his public records request.

Conclusions of Law:

{¶ 19} The magistrate recommends that this court grant respondent's motion to dismiss relator's petition.

{¶ 20} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

> R.C. 2969.25 provides:
>
> (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
>
> (1) A brief description of the nature of the civil action or appeal;
>
> (2) The case name, case number, and the court in which the civil action or appeal was brought;
>
> (3) The name of each party to the civil action or appeal;
>
> (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.

. . .

(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier.

R.C. 2969.25.

{¶ 21} R.C. 2969.25 requires strict compliance. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2019-Ohio-1271, ¶ 6. Compliance with the provisions of R.C. 2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998). Nothing in R.C. 2969.25 permits substantial compliance. *State ex rel. Manns v. Henson*, 2008-Ohio-4478, ¶ 4, citing *Martin v. Ghee*, 2002-Ohio-1621 (10th Dist.). Furthermore, the failure to comply with R.C. 2969.25 cannot be cured at a later date by belatedly attempting to file a compliant affidavit. *State ex rel. Young v. Clipper*, 2015-Ohio-1351, ¶ 9.

{¶ 22} Civ.R. 12(B)(1) provides a party may seek to dismiss a cause of action based on lack of jurisdiction over the subject matter of the litigation. When reviewing a judgment on a motion to dismiss under Civ.R. 12(B)(1), a court must determine whether the complaint alleges any cause of action cognizable to the forum. *T & M Machines, LLC v. Yost*, 2020-Ohio-551, ¶ 9 (10th Dist.). "[S]ubject-matter jurisdiction involves 'a court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Lowery v. Ohio Dept. of Rehab. & Corr.*, 2015-Ohio-869, ¶ 6 (10th Dist.), quoting *Vedder v. Warrensville Hts.*, 2002-Ohio-5567, ¶ 14 (8th Dist.).

{¶ 23} A court may dismiss a complaint pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are

made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 2007-Ohio-814, ¶ 5. "Although factual allegations in the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 1998 Ohio App. LEXIS 6250, (10th Dist. Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 24} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 2012-Ohio-1311, ¶ 10 (10th Dist.), quoting *Park v. Acierno*, 2005-Ohio-1332, ¶ 29 (7th Dist.); *see also Myers v. Vandermark*, 2024-Ohio-3205, ¶ 20 (7th Dist.) (finding that when a plaintiff relays information in a complaint and in attachments, that information can be held against the plaintiff in ruling on a Civ.R. 12(B)(6) motion).

{¶ 25} In the present case, respondent raises three arguments in support of dismissal of relator's petition. Respondent first argues that relator has failed to comply with the requirements in R.C. 2969.25. With respect to R.C. 2969.25(A), respondent contends that, although relator filed a purported R.C. 2969.25(A) affidavit of prior civil actions, it was not in compliance with the statutory requirements because: (1) it failed to briefly describe the nature of his civil actions in the past five years; (2) it failed to state his alleged civil rights violations or his alleged unconstitutional conditions of confinement; (3) relator failed to include case no. 2019-P-0105 within his notarized affidavit; (4) the notarized affidavit fails to contain any of the required information; and (5) the affidavit fails to sufficiently disclose the outcome or disposition for each party.

{¶ 26} However, the magistrate finds that relator's filing complies with the requirements of R.C. 2969.25(A). Relator's affidavit of civil filings provides a list of civil

actions he has filed in the previous five years and is notarized. Attached to his affidavit is a document that includes the details of these civil filings, including for each the case caption, case number, where it was filed, names of all parties, brief description of the action or appeal, brief description of the case outcome/result, whether the action was found to be frivolous, and whether relator was found to be a vexatious litigator. Relator specifically incorporates by reference this document into his affidavit. The document incorporated by reference contains the information required by R.C. 2969.25(A). Therefore, this argument is without merit.

{¶ 27} Respondent next argues that relator failed to attach the required affidavit of waiver and certified inmate account balance for the preceding six months, as certified by the institutional cashier, pursuant to R.C. 2969.25(C). Relator attached to his affidavit of indigency an inmate demand statement certified by the financial associate supervisor for the institution's cashier's office. The statement provides, among other things, transaction dates, transaction amounts, and a running savings balance, beginning June 1, 2024, and ending November 16, 2024. The running savings balance provides the balance of the inmate account for June 1, July 1, August 1, September 1, October 1, and November 1, 2024, among other dates. Relator filed his petition on November 26, 2024. "Preceding" six-month period under R.C. 2969.25 means the period ending on the same numerical day in the concluding month as the day of the month the petition was filed; R.C. 2969.25 does not require the statement to cover the last full calendar month. *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-338, ¶ 7 (10th Dist.). Thus, relator's statement was required to at least cover the period of April 26 to October 26, 2024. However, relator's statement does not cover these dates. The statement begins on June 1, 2024, and ends on November 16, 2024. Therefore, relator's statement is missing financial information for the end of April and all of May 2024. Because relator's affidavit of indigency does not contain a certified statement that sets forth the balance in his inmate account for each of the preceding six months, relator has failed to comply with the requirements in R.C. 2969.25(C), and his petition must be dismissed. Given this determination, the magistrate need not address respondent's remaining arguments in support of dismissal.

{¶ 28} Accordingly, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.